IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDSAY BLANK, on behalf of herself and other persons similarly situated | ) ) ) CIVIL ACTION NO. |
| *Plaintiff*, | ) ) JUDGE |
| v. | ) ) MAG. JUDGE |
| BOOST MOBILE, LLC, LAPLACE WIRELESS COMMUNICATION CORP., SUSU WIRELESS INC., RMR WIRELESS INC., CITY WIRELESS INC., R & A WIRELESS INC., MIKE ODEH, and RAED ODEH, | ) ) ) ) ) ) ) |
| *Defendants*. | ) |

**COLLECTIVE ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff Lindsay Blank, through her attorneys, Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, files this Collective Action Complaint against Defendants Boost Mobile, LLC, Laplace Wireless Communication Corp., Susu Wireless Inc., RMR Wireless Inc., R&A Wireless Inc., City Wireless, Inc., Mike Odeh, and Raed Odeh.

**NATURE OF THE ACTION**

1. This is an action by Lindsay Blank ("Plaintiff") on behalf of herself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiff was employed as a Sales Associate by Defendants Boost Mobile. LLC, Laplace Wireless Communication Corp., Susu Wireless Inc., RMR Wireless Inc., R&A Wireless Inc., City Wireless, Inc., Mike Odeh, and Raed Odeh ("Defendants"). While working for the Defendants, Plaintiff was not paid one-and-a-half times her regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of herself and other similarly situated employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b).  Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.  See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Lindsay Blank

5. Plaintiff Lindsay Blank ("Plaintiff") is a resident of Louisiana.

6. Plaintiff was hired by Defendants in approximately June 2017 and worked for Defendants until approximately August 2017.

7. Plaintiff worked for Defendants as a Sales Associate at their "Boost Mobile Premier Store" locations in Laplace, Gramercy, Destrehan, and Kenner, Louisiana. Defendants' stores were staffed with a pool of at least ten other Sales Associates that rotated from store to store.

8. Plaintiff worked as a sales associate. In connection therewith Plaintiff sold cell phones and plans to customers and also assisted customers in paying their cell phone bills.

9. Defendants paid Plaintiff $8.50 per hour. For every hour that she worked in excess of forty in any particular week she was still paid $8.50 per hour. Plaintiff also earned sales commissions and cash bonuses on the sales she made.

10. At all relevant times, Plaintiff and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant Boost Mobile, LLC

11. Defendant Boost Mobile, LLC ("Boost Mobile") is a nationwide cell phone service provider that specializes in offering prepaid cell phone plans. Boot Mobile also sells cell phones and cell phone accessories.

12. Boost Mobile operates its retail store locations through agreements with various types of "Authorized Dealers." Some of these dealers operate as "Premier Branded Retailers," where Boost Mobile sets certain requirements such as number of stores, minimum sales requirements, common name on all store leases, and minimum customer service review scores.

13. Boost Mobile provides operational training and support for its Premier Branded Retailers, facilitates inventory management, and assistance in advertising and marketing. Premier Branded Retailers are required to display Boost Mobile signage and only sell cell phones, accessories, and cell phone plans that are offered by Boost Mobile.

14. Boost Mobile requires the employees of its Premier Branded Retailers to use a specific type of computer software at all locations. This software tracks the activity of every Sales Associate, including their completed sales. All information logged in the computer software at each Premier Branded Retailer is sent electronically to Boost Mobile.

15. Boost Mobile executes customer experience reviews regarding the interactions between Premier Branded Retailers and their customers and can revoke an agreement with an Premier Branded Retailer if its employees do not meet minimum standards in the customer service reviews.

16. Premier Branded Retailers are compensated by Boost Mobile via commissions and/or percentages of the sales Premier Branded Retailers complete with customers.

17. Boost Mobile instituted training guidelines and customer service requirements for Plaintiff.

18. Boost Mobile set and implemented a commission plan to determine the amount Plaintiff would receive for selling certain products and services. Boost Mobile also set nationwide promotions Plaintiff and all other employees of Premier Branded Retailers were required to sell to customers.

19. Boost Mobile is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

20. Boost Mobile is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

21. Upon information and belief, Boost Mobile has an annual dollar volume of sales or business done of at least $500,000.

**Defendants Laplace Wireless Communication Corp., Susu Wireless Inc., RMR Wireless Inc., R&A Wireless Inc., and City Wireless, Inc.**

22. Defendant Laplace Wireless Communication Corp. ("Laplace Wireless") is a domestic corporation organized under the laws of Louisiana with its principal place of business in Laplace, Louisiana.

23. Defendant Susu Wireless Inc. ("Susu Wireless") is a domestic corporation organized under the laws of Louisiana with its principal place of business in Laplace, Louisiana.

24. Defendant RMR Wireless Inc. ("RMR Wireless") is a domestic corporation organized under the laws of Louisiana with its principal place of business in Destrehan, Louisiana.

25. Defendant City Wireless Inc. ("City Wireless") is a domestic corporation organized under the laws of Louisiana with its principal place of business in Kenner, Louisiana.

26. Defendant R & A Wireless ("R&A Wireless") is a domestic corporation organized under the laws of Louisiana with its principal place of business in Gramercy, Louisiana.

27. Defendants Laplace Wireless, Susu Wireless, RMR Wireless, City Wireless, and R&A Wireless are all "Boost Mobile Premier" authorized dealers, are all owned and operated by Defendants Mike Odeh and Raed Odeh, all share common employees and management, and are operated for a common business purpose. Defendants Laplace Wireless, Susu Wireless, RMR Wireless, City Wireless, and R&A Wireless are a single enterprise pursuant to 29 U.S.C. § 203(r)(1) and will be referred to collectively as "Wireless Group."

28. Wireless Group supervised the day to day work activities of Plaintiff.

29. Wireless Group determined Plaintiff's work schedule for the employment at issue herein.

30. Wireless Group paid Plaintiff with cash.

31. Wireless Group maintained an employment file for the Plaintiff.

32. Wireless Group is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

33. Wireless Group is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

34. Upon information and belief, Wireless Group has an annual dollar volume of sales or business done of at least $500,000.

### Defendant Mike Odeh

35. Defendant Mike Odeh is Director of Laplace Wireless, President of Susu Wireless, President of RMR Wireless, President and Secretary/Treasurer of City Wireless, and Director, President, and Secretary/Treasurer of R & A Wireless.

36. At all pertinent times herein Defendant Mike Odeh had the authority to hire and fire Wireless Group employees, including the Plaintiff herein.

37. At all pertinent times herein Defendant Mike Odeh maintained executive authority over the jobs Wireless Group employees were provided, including the location, duration, and rate-of-pay for those jobs.

### Defendant Raed Odeh

38. Defendant Raed Odeh is Secretary/Treasurer of Susu Wireless, Secretary of RMR Wireless, and Executive Vice-President of R & A Wireless.

39. At all pertinent times herein Defendant Raed Odeh had the authority to hire and fire Wireless Group employees, including the Plaintiff herein.

40. At all pertinent times herein Defendant Raed Odeh maintained executive authority over the jobs Wireless Group employees were provided, including the location, duration, and rate-of-pay for those jobs.

### FACTUAL ALLEGATIONS

41. Defendants Wireless Group, Mike Odeh, and Raed Odeh operate Boost Mobile Premier locations that sell cell phones and cell phone service programs to customers from various retail stores located in the Greater New Orleans area. Defendant Boost Mobile contracts with

Wireless Group and operates control over the pay and training requirements of Wireless Group employees. Defendants' services include explaining different cell phone styles and service programs to customers, selling cell phones and cell phone plans, and assisting customers in paying their cell phone bills. Defendants jointly employ at least ten Sales Associates at various retail stores simultaneously.

42. Defendants paid Plaintiff with cash.

43. Defendants' employees regularly handled goods that moved or have moved in interstate commerce and/or perform duties which are closely related and directly essential to such interstate activities.

44. Defendants monitored Plaintiff's hours worked by requiring her to clock in and out on a time card.

45. Plaintiff normally worked more than forty hours a week for the Defendants. On average, Plaintiff worked at least 55 hours per week. Defendants often required Plaintiff to work six days per week.

46. Defendants never paid Plaintiff one-and-half times her hourly rate for all hours worked in excess of forty in a workweek.

47. Plaintiff also earned sales commissions and cash bonuses on the sales she made.

48. Defendants did not factor these commissions and bonuses into Plaintiff's base hourly wage for the purposes of calculating her overtime pay.

49. Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

**COLLECTIVE ACTION ALLEGATIONS**

4. All Sale Associates at all Wireless Group locations ("Class Plaintiffs") suffered the same FLSA violations as did the Plaintiff.

5. All Class Plaintiffs were not paid overtime wages for overtime hours worked.

6. All Class Plaintiffs' commissions and bonuses were not factored into their hourly wages for the purposes of overtime wage calculation and payment.

7. All Class Plaintiffs were subject to the same common policy of the Defendants to not pay Sales Associates overtime and to not factor sales commissions and bonuses into the overtime rate.

8. When Plaintiff Class members worked for the Defendants, they were not exempt from the FLSA.

**COUNT I**
**Fair Labor Standards Act – FLSA Overtime Class**

50. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

51. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collection action on behalf of herself and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as Sales Associates and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

52. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their

regular rate for all hours worked in excess of forty in a workweek from at least September 2014 and continuing until the present.

53. As a consequence of Defendants' FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in her favor against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiff as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiff her reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

April 16, 2018

*Respectfully submitted:*

*/s/ Emily A. Westermeier*
BEAUMONT COSTALES LLC
Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
Emily A. Westermeier (#36294)
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
*rlc@beaumontcostales.com*
*whb@beaumontcostales.com*
*eaw@beaumontcostales.com*

*One of Plaintiff's Attorneys*